UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

 DAWN L.,

                        Plaintiff,                          **DECISION AND ORDER**

            v.
                                                            1:22-CV-00090-EAW

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

_____

## INTRODUCTION

Plaintiff Dawn L. ("Plaintiff") seeks attorneys' fees in the amount of $31,943.23

pursuant to 42 U.S.C. § 406(b).  (Dkt. 17).  The Commissioner of Social Security ("the

Commissioner") neither supports nor opposes Plaintiff's fee request.  (Dkt. 18).[1]  For the

reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On February 1, 2022, Plaintiff filed this action, seeking review of the

Commissioner's final decision denying her applications for Disability Insurance Benefits

("DIB") and Supplemental Security Income Benefits ("SSI").  (Dkt. 1).  Plaintiff moved

for judgment on the pleadings on July 15, 2022.  (Dkt. 9).  On September 8, 2022, the Court

approved the parties' stipulation for remand, reversing the Commissioner's final decision,

and remanding the matter for further proceedings.  (Dkt. 12).

---

[1]     The Commissioner mistakenly states at one part of her submission that the requested
fee is $4,200.00.  (Dkt. 18 at 1).

By Stipulated Order filed on November 10, 2022, the Court approved payment of $5,625.21 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action and awarded $402.00 in costs.  (Dkt. 16).

On August 29, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's DIB claim, which stated that the Commissioner withheld $31,943.23 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees.[2]  (Dkt. 17-5 at 3).

On September 11, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $31,943.23 in attorneys' fees.  (Dkt. 17).  In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $5,625.21 under the EAJA and $402.00 in costs.  (Dkt. 17-1 at ¶ 22).  Counsel states that his office will refund the EAJA fee award to Plaintiff and return the $402.00 filing fee that was provided by Plaintiff prior to his filing of the instant lawsuit.  (*Id*.).  The Commissioner filed a response on September 12, 2023.  (Dkt. 18).

## DISCUSSION

### I.      Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion

---

[2]      At the time the pending motion was filed, Plaintiff had not yet received the Notice of Award associated with his SSI claim.  (Dkt. 17-1 at ¶ 7).  Plaintiff's counsel indicates that he did not wait to receive it before filing the instant application because Plaintiff's DIB greatly exceed any monthly SSI benefits that Plaintiff will receive and the SSI benefits will not increase the net total of his past-due benefits awarded by the Commissioner.  (*Id*.).

within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award on August 29, 2023. (Dkt. 17-5). Plaintiff's counsel filed his application thirteen days later on September 11, 2023. (Dkt. 17). Accordingly, Plaintiff's application is timely.

## II.     The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec*., No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).   Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $31,943.23, which is two cents less than 25 percent of the total amount of past-due benefits—$127,773.00—recouped by Plaintiff, and submits

that the requested fee is reasonable and would not constitute a windfall to him.  (Dkt. 17-1 at ¶ 6; *see* Dkt. 17-2 at 7-10).  The Commissioner neither supports nor opposes counsel's request for $31,943.23.  (Dkt. 18).  Utilizing the factors set forth above, the Court finds that the amount counsel seeks in within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought.  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  Here, the success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level.  Accordingly, the hours expended by counsel were reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel.

The requested fee would result in a *de facto* hourly rate of $1,314.54 ($31,943.23 divided by 24.3 hours).  (Dkt. 17-1 at ¶ 12; Dkt. at 17-2 at 8; Dkt. 17-6).  The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall.  Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $300.00 per hour (Dkt. 17-1 at ¶ 15), his successful representation of Plaintiff's interests ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's applications solely for calculation and payment of benefits.  (Dkt. 17-4).  The effective hourly rate of $1,314.54 falls within the range of rates under § 406(b) approved by courts.  *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK),

2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel); *Leonard J.H. v. Comm'r of Soc. Sec.*, No. 18-CV-1436-FPG, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (an hourly rate of $1,473.77 was not a windfall to counsel) (collecting cases); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99-FPG, 2023 WL 2623584, at *2 (W.D.N.Y. Mar. 24, 2023) (court approved the *de facto* hourly rate of $1,685.3).  Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,314.54 is reasonable and in line with awards generally approved in this District for similar work performed.  The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain."  *Wells*, 907 F.2d at 371. Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)."  *Id*.

Counsel also requests that the Court impose a deadline on the Commissioner to pay his attorneys' fees or, in the alternative, report on the status and specific efforts that she has taken to comply.  (Dkt. 17-1 at ¶¶ 16-21).  In support of his request, counsel alleges the Commissioner's delay of the payment of his fees ranging from five to eight months in several cases, and submits that such lengthy delay caused by the Commissioner significantly hampered his ability to adequately represent his clients.  (*Id*. at ¶¶ 17-20).  The Commissioner's response is silent as to Plaintiff's request.  (Dkt. 18).

The Court agrees that an unexplained delay in the processing of the payment of counsel's fees that have already been allocated—a ministerial task at best—is unacceptable.  Under certain circumstances, the Court can exercise its discretion to impose a specific deadline on the Commissioner's payment of counsel's legal fees.  *See Tatum v.*

*Berryhill*, No. 5:17cv262-HTC, 2019 WL 13162575, at \*3 (N.D. Fla. Apr. 8, 2019) (an imposition of a 45-day deadline to pay plaintiff's EAJA fees was not erroneous) (collecting cases); *see also Jones v. Colvin*, No. 6:14-cv-06316(MAT), 2015 WL 6801830, at \*5 (W.D.N.Y. Nov. 5, 2015) (60 days given to mail an EAJA payment to plaintiff's attorney). Moreover, the Commissioner's response is silent as to this request, suggesting that the Commissioner does not oppose the request or counsel for the Commissioner never bothered to read the pending motion (the latter conclusion being further buttressed by the mistaken reference to the amount of fees sought, *see* note 1, *supra*).

Nonetheless, the Court hesitates to grant Plaintiff's request at this point because there is no reason to believe that the Commissioner will unreasonably prolong the payment of Plaintiff's attorneys' fees in this particular case. Accordingly, the Court rejects the request without prejudice to renew in the event the Commissioner does not pay the fees authorized by this Decision and Order within 60 days.

The Court also notes that counsel is required to return the previously awarded EAJA fee of $5,625.21 and the filing fee of $402.00 to Plaintiff. (Dkt. 16). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 17) is granted to the extent that the Court hereby orders that Plaintiff's counsel is awarded attorneys' fees in the amount of $31,943.23, but the Court denies the request to set a deadline for payment by the Commissioner subject to renewal within 60 days of the date

of this Decision and Order in the event that the fees remain unpaid.  In addition, the Court

orders that Plaintiff's counsel refund the previously awarded EAJA fee of $5,625.21 and

the filing fee of $402.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD,
Chief Judge
United States District Court


Dated:          November 17, 2023
                Rochester, New York